UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOBY MASSE,<br><br>              Plaintiff,<br><br>   v.<br><br>CLARK COUNTY, et al.,<br><br>              Defendants. | Case No. 3:25-cv-05839-TMC<br><br>ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) |

This matter is before the Court at the recommendation of Magistrate Judge Theresa L. Fricke in her Order Granting Motion for Leave to Proceed In Forma Pauperis. Dkt. 3. On September 18, 2025, Plaintiff Toby Masse filed his complaint against Clark County, the City of Vancouver, Council for the Homeless, and Outsiders Inn. Dkt. 1. Judge Fricke granted Mr. Masse's application to proceed IFP but recommended review of the complaint because "it does not appear Plaintiff has met the criteria for IFP required under 28 U.S.C. § 1915(e)(2)(b)." Dkt. 3 at 1. Having reviewed Mr. Masse's complaint, the Court finds that it does not state a plausible claim for relief. Mr. Masse is ordered to file a proposed amended complaint within 21 days of this order. If he fails to do so, the Court will dismiss his case without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

## I. LEGAL STANDARD

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim).

A pro se plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

## II. REVIEW OF THE COMPLAINT

On September 18, 2025, Mr. Masse filed a complaint alleging the Defendants "deprived Plaintiff of his rights by discriminating against him based on his race, sex, sexual orientation, and by arbitrary and capricious policies and procedures, to deny him homeless services, and by taking his personal property without due process from about July 2025 to present in Vancouver,

ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 2

Washington." Dkt. 4 at 6. Mr. Masse claims these actions violated the Fair Housing Act, the Civil Rights Act of 1964, the Fourteenth Amendment, the City of Vancouver Emergency Homeless Declaration, and an executive order that prohibits illegal discrimination. *Id*. at 7.

### III.    DISCUSSION

Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Here, Mr. Masse's complaint does not provide a brief statement of facts that support his claims or show how Defendants are liable. Mr. Masse broadly alleges the Defendants discriminated against him based on his race, sex, and sexual orientation, but he does not explain "the who, what, where, when and why needed for the Court and Defendants to understand what is being alleged." *Brooks v. Skagit Cnty. Pub. Health*, No. 2:23-CV-01708-LK, 2023 WL 7651221, at *1 (W.D. Wash. Nov. 15, 2023).

Mr. Masse does not describe any discriminatory act, identify which of the Defendants was responsible for that act, or explain why he believes it was discriminatory. Dkt. 4 at 6–7. Mr. Masse claims Defendants took his personal property without due process, for example, but he does not explain facts such as what was taken, who took it, how they took it, what they said when they took it (if anything), or how they responded to any complaints Mr. Masse might have raised. Mr. Masse does not necessarily have to answer all these questions in his complaint, but he must provide enough facts for the Court and Defendants to understand why he believes his property was taken without due process. But these are errors that can be corrected. Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the

ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 3

plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Any amended complaint must address—if possible—the problems identified above and comply with Fed. R. Civ. P. 8 by providing a short and plain statement of each claim. For example, it would be enough to provide statements identifying (1) the right violated, (2) the name of the defendant who violated that right, (3) the specific, wrongful acts of the defendant, (4) when the acts occurred, and (5) the harm that resulted from those wrongful acts. It may be necessary to repeat this process for each named defendant.

## IV. CONCLUSION

The Court thus ORDERS Mr. Masse to file a proposed amended complaint within 21 days of this order. If Mr. Masse fails to do so, or if the proposed complaint still fails to allege a plausible claim for relief, the Court will dismiss the complaint without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 5th day of November, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 4